**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220348-U

Order filed July 18, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0348 Circuit No. 01-CF-87 |
| | ) | |
| IAN LOCKHART, | ) ) | Honorable David M. Carlson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Presiding Justice Holdridge and Justice Peterson concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   Defendant's motion for leave to file a third successive postconviction petition was properly denied.

¶ 2    Defendant, Ian Lockhart, appeals the circuit court's denial of his motion for leave to file a successive postconviction petition challenging the constitutionality of his 57-year aggregate sentence, alleging his sentence violates both the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          The evidence at trial established that on August 30, 2000, defendant, along with Keith

Bland Jr. and Christopher Scott, went to the home of Keith's stepmother, Delores Bland, for the

purpose of determining when the home would be unoccupied and whether there were firearms

inside to steal. The three men returned the following day to complete the robbery. Delores was

found dead in her home later that night and three firearms, a VCR, and a television antenna were

missing. Defendant was 24 years old at the time of the offense.

¶ 5          A jury convicted defendant of armed robbery (720 ILCS 5/18-2 (West 2000)), residential

burglary (*id.* § 19-3), and felony murder (*id.* § 9-1(a)(2)). At sentencing, the court heard evidence

in aggravation and mitigation. The State presented defendant's criminal history, including two

prior felonies and one conviction for retail theft. Defendant presented evidence that he was recently

married, had no history of violence, and had obtained his general education diploma while

incarcerated. The court merged the residential burglary count into the felony murder charge and

sentenced defendant to a term of 41 years' imprisonment. The court further sentenced defendant

to a consecutive 16 years' imprisonment for armed robbery.

¶ 6          On direct appeal, defendant challenged the admission of certain witness statements, alleged

ineffective assistance of counsel, and attacked the severity of his sentence given his lack of violent

history and evidence that he was not the shooter. We affirmed. *People v. Lockhart*, No. 3-03-0214

(2005) (unpublished order under Illinois Supreme Court Rule 23). Thereafter, defendant filed

several collateral attacks on his convictions under the Post-Conviction Hearing Act (Act) (725

ILCS 5/122-1 *et seq.* (West 2022)). Defendant's first postconviction petition alleged ineffective

assistance of trial and appellate counsel, and insufficiency of the evidence. The circuit court

summarily dismissed the petition, and we affirmed. *People v. Lockhart*, No. 3-06-0084 (2007)

(unpublished order under Illinois Supreme Court Rule 23). Defendant subsequently sought leave to file two successive postconviction petitions. The circuit court denied defendant leave on both occasions, and we affirmed those decisions. *People v. Lockhart*, No. 3-09-0213 (2010) (unpublished dispositional order) (alleging a speedy trial violation); *People v. Lockhart*, No. 3-19-0208 (2020) (unpublished dispositional order) (alleging improper conduct on the part of the prosecution and ineffective assistance of trial counsel).

¶ 7        On July 25, 2022, defendant moved for leave to file a third successive postconviction petition, which is the subject of this appeal. In his motion, he alleged that his aggregate sentence of 57 years' imprisonment amounts to an unconstitutional *de facto* life sentence based on the extension of *Miller v. Alabama*, 567 U.S. 460 (2012), to young adults, citing *People v. House*, 2019 IL App (1st) 110580-B, and *People v. Harris*, 2018 IL 121932. He attached a study discussing the scientific rationale for expanding *Miller*'s reasoning to young adults up to the age of 25, an executive summary of a report from the National Task Force on Children Exposed to Violence, and an affidavit describing his own experiences prior to sentencing. The circuit court denied defendant's motion for leave to file his third successive postconviction petition, and this appeal followed.

¶ 8                                II. ANALYSIS

¶ 9        On appeal, defendant alleges the circuit court erred in denying him leave to file his third successive postconviction petition. Defendant states the claims raised in his petition meet the "cause and prejudice" requirements for filing a successive postconviction petition due to the unavailability of *Miller* at the time of his sentencing and subsequent postconviction filings. We review *de novo* the denial of a motion for leave to file a successive postconviction petition. *People v. Robinson*, 2020 IL 123849, ¶ 39.

¶ 10    The purpose of the Act is to "allow inquiry into constitutional issues relating to the conviction or sentence that were not, and could not have been, determined on direct appeal." *People v. Barrow*, 195 Ill. 2d 506, 519 (2001). According to the Act,

> "(f) Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2022).

¶ 11    Additionally, section 122-3 of the Act states that "[a]ny claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." *Id.* § 122-3. The so-called "cause-and-prejudice test" described in section 122-1(f) is the "analytical tool that is to be used to determine whether fundamental fairness requires" an exception to the waiver requirements of section 122-3. *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002). Defendant must make a *prima facie* showing of both cause and prejudice to survive the waiver provision of section 122-3 of the Act. *People v. Bailey*, 2017 IL 121450, ¶ 24. The circuit court determines whether defendant has made such a showing by conducting a preliminary screening to determine whether the motion adequately alleges facts that make a *prima facie* showing of cause and prejudice.

¶ 12    Defendant does not dispute the explicit holding in *Miller* applies exclusively to juveniles. Defendant contends, however, *Miller*'s underlying reasoning provides grounds for a constitutional challenge under both the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). Defendant argues that his young-adult brain functioned like that of a juvenile at the time of the offense, and that he was, therefore, entitled to the sentencing protections afforded to juveniles in *Miller*. Defendant asserts the cause for failing to raise this claim in previous postconviction petitions was the unavailability of *Miller*, and subsequent cases potentially extending its application to young adults serving *de facto* life sentences. See, *e.g.*, *People v. Thompson*, 2015 IL 118151, ¶¶ 8-13, 38, 44 (rejecting an as-applied constitutional challenge, but suggesting that the circuit court would be "the most appropriate tribunal" to address whether *Miller* applied to emerging adults); *People v. Harris*, 2018 IL 121932, ¶ 45 (suggesting that postconviction proceedings would provide the opportunity to develop a record sufficient to address an as-applied challenge to the constitutionality of a young adult defendant's sentence).

¶ 13    Defendant acknowledges that our supreme court has previously addressed whether *Miller*'s unavailability provides cause for failing to raise this claim under the proportionate penalties clause in *People v. Clark*, 2023 IL 127273. In *Clark*, the court found that the unavailability of *Miller* and cases subsequently interpreting *Miller* did not provide cause for failing to raise a proportionate penalties claim in a successive petition because *Miller* did not apply to young adults. *Id.* ¶ 93. As such, the defendant in *Clark* " 'had the essential legal tools to raise his present proposed claim under the proportionate-penalties clause' " at the time he filed his previous petitions. *Id.* (quoting *People v. Haines*, 2021 IL App (4th) 190612, ¶ 49).

¶ 14    Since the filing of the instant appeal, our supreme court has issued a ruling in *People v. Moore*, 2023 IL 126461, which expands upon *Clark* and directly resolves the issue of whether *Miller*'s unavailability at the time of sentencing and in subsequent postconviction proceedings satisfies the cause requirement of section 122-1(f) under either the eighth amendment or the proportionate penalties clause. In *Moore*, the court consolidated two pending appeals, those of Tony Moore and Marvin Williams. Moore and Williams were both 19 years old at the time they committed murder, and each appealed from judgments denying them leave to file successive postconviction petitions challenging their life sentences based on the unavailability of *Miller* at the time of their sentencing. *Id.* ¶ 1. The court in *Moore* clarified that *Miller* "did not change the law applicable to discretionary sentences imposed on young adult offenders." *Id.* ¶ 44. Since *Miller* does not apply to young adults, it does not provide cause for a young adult to raise a claim under either the proportionate penalties clause of the Illinois Constitution or the eighth amendment to the United States Constitution. *Id.* ¶¶ 38-40.

¶ 15    As in *Clark* and *Moore*, defendant in this case was over 18 years old at the time he committed the offense. While defendant argues his brain development was that of a juvenile at the time he committed the offense, he did not raise this issue on direct appeal, in his initial postconviction petition, or in his first two motions for leave to file successive postconviction petitions. At the time of his sentencing, Illinois recognized the special status of young adults, especially those subject to adverse influences. *Miller* and subsequent cases created no constitutionally significant changes to that recognition. *Id.* ¶ 42. As both *Clark* and *Moore* specifically held that young adults cannot establish cause—based on *Miller*'s unavailability— under the cause and prejudice test, the circuit court properly denied defendant's motion.

¶ 16 Because we find that defendant is unable to demonstrate cause as required by section 122-1(f) of the Act, we need not determine whether defendant can establish prejudice. See *id.* Consequently, we affirm the circuit court's denial of defendant's motion for leave to file a third successive postconviction petition.

¶ 17                                    III. CONCLUSION

¶ 18 For the reasons stated, we affirm the judgment of the circuit court of Will County.

¶ 19 Affirmed.